UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 21 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David Earl Wattleton, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14-281
)
)
Eric Himpton Holder, Jr., )
)
    Defendant. )

## MEMORANDUM OPINION

The plaintiff is an individual civilly committed pursuant to 18 U.S.C § 4243 at the Federal Medical Center in Rochester, Minnesota. He has submitted an "Emergency Application for Expedited Mandatory Preliminary Injunctive Relief and Declaratory Judgment and Damages," construed as a complaint, in which he again claims that "the term 'writ of habeas corpus' as used in sub-section (g) of [18 U.S.C. § 4247] is unconstitutionally vague and should be stuck down . . . ." *Id.* at 1. The plaintiff has already unsuccessfully litigated this issue. *See Wattleton v. Holder*, No. 13-0375, 2013 WL 1222943 (D.D.C. Mar. 22, 2013), *aff'd*, 534 Fed. Appx. 3 (D.C. Cir. 2013). Hence, this case will be dismissed as procedurally barred.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.*

*Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case," *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)). *Res judicata* therefore forecloses this action.[1]

/s/ Reggie B. Walton
United States District Judge

Date: January 27, 2014

---

[1] A separate Order accompanies this Memorandum Opinion.